The Unknown Heirs of Robert Bowles, deceased, plaintiff·
in error, v. Rudolphus Rouse, adm'r, &c. defendant in error.

### Error to Peoria.

A writ of error must be prosecuted by a natural or artificial person, against
whom a judgment for costs can be rendered, should the judgment of the Cir-
cuit Court be affirmed.

In this case, a motion was made by the counsel for the de-
fendant in error to quash the writ of error, *first*, because the
writ would not lie, and *second*, because it was prosecuted in
the name of unknown persons.

*A. Williams*, and *J. Butterfield*, for the defendant in error,
to support their motion relied upon the following authorities:
*Groenwelt* v. *Burwell*, 1 Salk. 144; 2 Tidd's Pr. 1134; Rev.
Stat. 559, § 109; *Watson* v. *May*, 8 Ala. 177.

*O. H. Browning & N. Bushnell*, for the plaintiffs in error,
resisted the motion and cited Rev. Stat. 143, § 7; Ibid. 420,
§§ 47, 49–51, 53–55; *Bowers* v. *Green*, 1 Scam. 43; *Sloo* v.
*The State Bank*, Ib. 440; *Greenup* v. *Porter*, 2 do. 417;
Rev. Stat. 559, § 109; *Bromagham* v. *Clapp*, 6 Cowen, 611;
S. C. 8 do. 746; S. C. 9 do. 304, 530.

Per Curiam. It is necessary that a person, either natural
or articial, should prosecute a writ of error. There must be
some definite person as plaintiff in error, against whom a
judgment may be given for costs in case the judgment below
should be affirmed. Leave is, however, given to amend the
writ of error, which, if not done within ten days, the writ of
error will be dismissed.

The motion to dismiss because a writ of error will not lie,
is overruled.*

　　　　　　　　　　　　　　　　　　　*Motion overruled.*

---

* On the decision of this motion, the counsel for the plaintiffs entered the
appearance of Robert L. Catherwood and Ellen Catherwood, his wife, as plain-
tiffs in this case.